Joseph P. Cervini, Jr.                    Seth Bader
Jeffrey A. Dougherty                      Bloomberg, Steinberg & Bader, P.C.
Spizz Cohen & Serchuk, P.C.               425 Park Avenue
425 Park Avenue                           New York, New York 10022
New York, New York 10022                  Tel. 212-754-9400
Tel. 212-754-9400                         Fax 212-754-6262
Fax 212-754-6262

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KGK JEWELRY LLC, | No. 11 CIV 9236 (LTS)(RLE) |
| *Plaintiff*, | ("Action 1") |
| -against- | |
| ESDNETWORK and STEVE YEKO | |
| *Defendants*. | |
| ACCURATE GRADING QUALITY ASSURANCE INC., ELECTRONIC SALES DEALERSHIP NETWORK, INC., STEVE YEKO, THE DIAMOND CENTER, INC., | No. 12 CIV 9130 (LTS)(RLE) |
| | ("Action 2") |
| *Plaintiffs*, | |
| -against- | |
| SANJAY KHOTHARI, KGK JEWELRY LLC, KGK GROUP, ALLEN BLOOM, JOHN THORPE, MARTIN FLYER JEWELRY, LLC; KNUD HOSTRUP; JOSH KAUFMAN; SUSAN HECHT; and PRADEEP SAHOO, | |
| *Defendants*. | |

**THE YEKO PARTIES' REPLY MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR CONSOLIDATION**

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 6

I. THE PURPORTED PREJUDICE THE KGK PARTIES WILL SUFFER IS OVERSTATED AND IS INSUFFICIENT TO DENY CONSOLIDATION ..................... 6

II. THERE ARE SUFFICIENTLY COMMON QUESTIONS OF LAW AND FACT BETWEEN ACTION 1 AND ACTION 1 TO WARRANT CONSOLIDATION ............ 8

CONCLUSION ............................................................................................................................ 10

## TABLE OF AUTHORITIES

**Cases**

*Bank of Montreal v. Eagle Associates*,
 117 F.R.D. 530 (S.D.N.Y. 1987) ................................................................................................ 8

*Devlin v. Transportation Communs. Int'l Union*,
 175 F.3d 121 (2d Cir. N.Y. 1999) .............................................................................................. 9

*Golden Trade S.R.L. v. Lee Apparel Co.*,
 1997 U.S. Dist. LEXIS 8924 (S.D.N.Y. June 25, 1997) ............................................................ 8

*Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*,
 208 F.R.D. 59 (S.D.N.Y. 2002) ................................................................................................. 7

*Johnson v. Celotex Corp.*,
 899 F.2d.1281 (2d Cir. 1990) .................................................................................................... 8

*Lloyd v. Industrial Bio-Test Laboratories, Inc.*,
 454 F. Supp. 807 (S.D.N.Y. 1978) ............................................................................................ 7

*Werner v. Saterlee, Stephens, Burke & Burke*,
 797 F. Supp. 1196 (S.D.N.Y. 1992) .......................................................................................... 7

**Rules**

Fed.R.Civ. P. 13 ............................................................................................................................. 1
Fed. R. Civ. P. 42 ................................................................................................................... 1, 4, 9

**Treatises**

8 Moore's Federal Practice § 42.10[6][e], p. 42-23 (3d ed. 2001) ................................................ 8

Defendant ESDNetwork ("ESDN") in *KGK Jewelry LLC v. ESDNetwork*, 11-cv-9236 (LTS)(RLE) ("Action 1") and plaintiffs Accurate Grading Quality Assurance ("AGQA"), ESDN, the Diamond Center, Inc. ("Diamond Center"), and Steve Yeko ("Yeko") in *Accurate Grading Quality Assurance Inc., et al. v. KGK Group, et al.*,12-cv-9130 (LTS)(RLE) ("Action 2") respectfully submit this memorandum of law in further support of their motion to consolidate Actions 1 and 2 pursuant to Fed. R. Civ. P. 42(a).[1]  This memorandum also **replies** to the opposition filings of the KGK parties: (i) Memorandum of Law, dated June 27, 2014 (the "KGK Memorandum"); (ii) the Declaration of Peter D. Raymond, dated June 27, 2014 (the "Raymond Declaration") (collectively, the "KGK Opposition").[2]

**PRELIMINARY STATEMENT**

The consolidation of Action 1 and Action 2 is appropriate because these two (2) actions are sufficiently related and involve sufficiently common questions of law and fact, which therefore empowers the Court, using its broad discretion, to consolidate these matters in the interests of judicial economy.  Indeed, the claims asserted by the various parties in these actions generally concern various components of a business plan to develop and implement an e-

---

[1] ESDN is the sole defendant in Action 1, and is also a plaintiff in Action 2 along with AGQA, Diamond Center and Yeko (collectively, the "Yeko Parties").  The sole plaintiff in Action 1, KGK Jewelry LLC ("KGK NY"), is also a defendant in Action 2, along with Allen Bloom, John Thorpe, Martin Flyer Jewelry, LLC, Josh Kaufman, and Susan Hecht hereinafter referred to collectively as the "KGK Parties".  The KGK Parties assert that this Court has not obtained jurisdiction over the following defendants named in Action 2, which are also not represented by counsel for the KGK Parties: (i) Sanjay Khothari; (ii) KGK Group; and (iii) Knud Hostrup; and (iv) Pradeep Sahoo.

[2] The Yeko Parties will address the portion of the KGK Opposition seeking the dismissal or the stay of Action 2 pursuant to Fed.R.Civ.P. 13 in a separate brief.  In any event, the motion to dismiss must be denied for numerous reasons, including the Second Circuit authority, which provides where two cases involving common issues and parties are pending before the ***same court*** in the ***same district*** consolidation under Rule 42 (2) is the proper solution, which obviates the concerns raised by the cases the KGK Parties rely upon concerning compulsory counterclaims.  *See, e.g¸ Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. N.Y. 1999) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, *simultaneously pending in the same court* [is] to consolidate them under Rule 42(a)") (emphasis added).

commerce marketing platform, which was intended to facilitate direct interactions and a dynamic exchange of information between jewelry wholesalers and retailers, as well as between retailers and their customers in approximately 70 jewelry retail stores nationwide (the "E-Commerce Platform").  The relevant events to the claims in *both* lawsuits took place during the same time period (2010-2012) and involve a series of interrelated business transactions, contracts and agreements between and among many of the same parties as well as the conduct of certain parties when it became apparent that this business venture would fail and the E-Commerce Platform would not be implemented as originally planned.  The active claims in Action 1 are against ESDN and concern the alleged conduct of ESDN with respect to certain contracts governing a component of the E-Commerce Platform whereby it would be implemented into the actual and virtual storefronts of 70 retailers.  The claims in Action 2 concern the Yeko Parties allegations against the KGK Parties for, *inter alia*, failing to follow through with their obligations to fund and support the overall development and implementation of the E-Commerce Platform as they had promised and the conduct of their agents after it became clear that the business relationship had failed (i.e. blaming and disparaging the Yeko Parties for that failure).

The KGK Opposition states that consolidation is inappropriate because it would be highly prejudicial to their client in Action 1 (KGK NY) primarily because: (i) discovery is closed and the case is ripe for summary judgment practice while discovery has not yet begun in Action 2; and (ii) consolidation would cause undue expense and confusion.  The KGK Memorandum also asserts that there is an insufficient overlap of factual and legal issues to support consolidation because the two cases involve different causes of action asserted by and between different parties.  As a threshold matter, in making these two arguments, the KGK Opposition fails to recognize or address that the question of consolidation is highly discretionary and courts have

generally taken the view that considerations of judicial economy favor consolidation, even where a party opposing consolidation claims prejudice.  Additionally, the Court is vested with wide discretion in determining whether actions proposed for consolidation are sufficiently related or involve common questions of law and fact such that consolidation is proper and judicious.  Accordingly, many of the cases cited by the KGK Opposition in which courts denied consolidation are not controlling because as demonstrated herein and in the Yeko Parties' moving brief, dated May 16, 2014 (the "Moving Brief"), any risk of prejudice is outweighed by the benefit of consolidating these two cases, which are sufficiently related and pose common legal and factual issues.

Here, KGK NY's claims of prejudice appear to be rooted in the implication that consolidation would be "costly" and result in an undue delay of the progression of Action 1, which is purportedly ready for summary judgment practice.  Significantly, if these actions are **not** consolidated, both the Court, the Yeko Parties, and the KGK Parties (i.e. KGK NY and its affiliates) will *still* have to litigate Action 2, engage in comprehensive fact and expert discovery (some of which the Yeko parties assert would be relevant to both actions), engage in dispositive motion practice and oral arguments in Action 2, and proceed with the trial of that case.  This would likely *raise* litigation costs exponentially for all involved whereas consolidation of these matters for discovery, motion practice, and/or trial would significantly *lower* those costs by focusing the parties' and the Court's efforts into the global resolution of these matters.  Simply stated, even if Action 1 progresses independently to trial before Action 2, both the parties, their counsel, and this Court will still be tasked with litigating a series of related claims stemming from common questions of law and fact.

With respect to the claim of prejudice based upon "delay", courts in the Second Circuit have routinely consolidated cases at different stages of litigation, short of one of them being ready for trial.  Here, Action 1 is certainly not trial ready because pursuant to the Seventh Amended Pretrial Order, dispositive motion practice will not even begin until late September and trial is not scheduled to begin until late November 2014.  Accordingly, as Action 1 is **_not_** on the eve of trial, disparate discovery schedules alone are not determinative.  Similarly, the suggestion in the KGK Opposition that the Yeko Parties are seeking consolidation to circumvent the rulings of Magistrate Judge Ellis, that discovery in Action 1 is closed, falls flat.  Indeed, this argument fails to recognize that a tenet of consolidation is that certain discovery may be globally relevant.  That is, discovery concerning the parties' obligations and actions with respect to implementing the E-Commerce Platform into the 70 jewelry retailer establishments that is relevant in Action 2 (for example to breach of contract claims) may also be relevant to the claims in Action 1.  The fact that some of the same information would not have been otherwise disclosed *before* trial in Action 1 (while it inevitably would be relied upon at trial in that case) is only one factor the Court must weigh.  In any event, should the Court find the KGK Parties' arguments concerning discovery availing, it is within this Court's broad powers under Rule 42 (a) to consolidate Actions 1 and 2 for dispositive motion practice and trial *only*, which would not upset any prior discovery rulings in Action 1.  Finally, while the KGK Opposition also asserts that consolidation would cause confusion, it fails to address the Second Circuit authority, which has explained that claims of prejudice and confusion may be addressed by the use of cautionary instructions to the jury and verdict sheets.

The KGK Parties' assertion that consolidation is improper because there is insufficient overlap between the legal and factual issues presented in Action 1 and Action 2 is belied by the

4

record, as it is detailed in the Moving Brief.  The KGK Opposition tries to characterize Action 1 as a discrete matter concerning two contracts regarding implementing the E-Commerce Platform at a retail level and the alleged actions of EDSN regarding information it obtained by virtue of the relationship created by those contracts (i.e. purported misuse of customer's email addresses and/or interference with purported business opportunities).  However, this myopic view of these cases fails to recognize that those purportedly discrete contracts are still related to the efforts of the Yeko Parties and the KGK Parties to develop and implement the E-Commerce Platform and provide an innovative consumer interface at the retail level, which is the overarching subject of the claims in Action 2.  Indeed, the parties' respective claims concern the central relationships, agreements and understandings and the subsequent breakdown of those relationships and agreements regarding the development, funding and retail level implementation of the E-Commerce Platform.

As detailed in the Moving Brief, proof of these claims at trial and in dispositive motion practice, at a minimum, will likely rely on interrelated evidence:

(i) the agreements and understanding between the KGK Parties and the Yeko Parties to develop the E-Commerce Platform and integrate it into jewelry retail establishments;

(ii) the parties' contracts, agreements and understandings with the those retailers;

(iii) the communications between and among the Yeko Parties and the KGK Parties regarding their understanding and performance of these agreements; and

(iv) whether payments and invoices for services rendered under the various agreements are outstanding and whether those payments were properly invoiced and/or paid, etc.

What this means is that the testimony, communications and documents of many of the same parties and much of the same information will be utilized to litigate both of these cases.

Furthermore, because these actions involve common questions and issues and are pending in the ***same district*** before the ***same Court,*** controlling Second Circuit authority mandates that consolidation is proper.  Additionally, there is no significance to the fact that Action 1 only involves KGK NY asserting claims against ESDN while Action 2 involves different parties because courts in the Second Circuit must consider all relevant factors in determining whether consolidation is proper even if the parties are not identical.  Here, allowing these two related actions to proceed independently would clearly result in duplicative litigation costs and a waste of resources as well as the possibility of inconsistent findings of judgments.  Thus, consolidation is warranted.

## ARGUMENT

### I.  THE PURPORTED PREJUDICE THE KGK PARTIES WILL SUFFER IS OVERSTATED AND IS INSUFFICIENT TO DENY CONSOLIDATION

The KGK Opposition states that the KGK Parties will suffer extreme prejudice if consolidation is granted namely because of the purportedly disparate procedural postures of Action 1 and Action 2.  The KGK Parties go to great lengths to emphasize that discovery in Action 1 is closed, but discovery in Action 2 has not begun (primarily due to a motion to dismiss in Action 2 that is currently *sub judice*) and therefore, they will be prejudiced and incur additional costs if subjected to consolidation.  Tellingly, other than making this conclusory averment, the KGK Parties fail to provide any salient details as to how consolidation would actually cause them prejudice or how any brief delay in advancing to summary judgment practice or trial would genuinely cause them harm.  Indeed, it is not as if absent consolidation, KGK NY will be relived of the burden and expense of litigating with the Yeko Parties over various aspects of the E-Commerce Platform and it is because these cases are sufficiently related and involve

common questions of law and fact that the benefits of consolidation outweigh any purported prejudice to the KGK Parties.

Thus, the KGK Parties attempt to distinguish as inapposite, *Werner v. Saterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1212 (S.D.N.Y. 1992) simply fails.  *See* KGK Memorandum at pp. 12-13.  The KGK Opposition suggests that this authority, which mandates that consolidation is proper where there is an overlap between the "applicable" discovery in the subject cases, is inapplicable to this matter.  *See id.; see also Werner*, 797 F.Supp. at 1212.  This argument fails to recognize that the Yeko Parties have demonstrated and assert that there is sufficient commonality between Action 1 and Action 2 to warrant discovery.  Further, just as in *Werner*, this Court is vested with the power to permit the parties to commence with discovery with "undue delay" in Action 2, which would ensure that these actions (if consolidated) readily advance toward dispositive motion practice and trial. Significantly, courts have found that purported concerns or prejudice regarding different discovery postures are "largely overstated" and are not sufficient to outweigh the benefits of consolidation.  *See, Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 61-63 (S.D.N.Y. 2002).

Indeed, in *Internet Law Library, Inc.*, the court determined the benefits of consolidation outweighed any burden or delays caused by divergent discovery postures, even where the parties had been engaged in discovery for eight months in one case and "discovery ha[d] not yet begun" in the other matter being consolidated.  *See id.* at 62.  Therefore, absent a case being literally trial ready while the other is not, courts will routinely grant motions for consolidation.  *See, e.g., Werner v. Saterlee, Stephens, Burke & Burke*, 797 F. Supp. 1196, 1212 (S.D.N.Y. 1992); *see also Lloyd v. Industrial Bio-Test Laboratories, Inc.*, 454 F. Supp. 807, (S.D.N.Y. 1978) (granting

consolidation and noting any delay resulting from consolidation "will be offset by the avoidance of duplicative discovery and trial, as well as the minimization of expense by consolidation"); 8 Moore's Federal Practice § 42.10[6][e], p. 42-23 (3d ed. 2001).[3]

Similarly, the suggestion in the KGK Opposition that consolidation will result in undue confusion is also insufficient to deny consolidation. Indeed, the KGK Parties failed to address or distinguish the controlling authorities cited in the Moving Brief on this point. *See, Johnson v. Celotex Corp.*, 899 F.2d.1281, 1284-85 (2d Cir. 1990) (explaining that claims of prejudice and confusion may be addressed by the use of "cautionary instructions to the jury and verdict sheets."); *see also Internet Law Library, Inc.* (holding there is "little risk" that consolidation will result in confusion, even in multi-party litigation and such concerns are "largely overstated")*; Golden Trade S.R.L. v. Lee Apparel Co.*, 1997 U.S. Dist. LEXIS 8924, 90-cv-6291 (S.D.N.Y. June 25, 1997) (finding that where "common questions of fact and law are involved" it is "obvious that consolidation would effect considerable benefits of judicial economy"); *Bank of Montreal v. Eagle Associates*, 117 F.R.D. 530, 534 (S.D.N.Y. 1987) (granting motion for consolidation). Accordingly, the suggestion that any prejudice outweighs the benefits of consolidation must be rejected.

## II. THERE ARE SUFFICIENTLY COMMON QUESTIONS OF LAW AND FACT BETWEEN ACTION 1 AND ACTION 1 TO WARRANT CONSOLIDATION

The contention in the KGK Opposition that consolidation is improper because Action 1 and Action 2 fail to pose common questions of law and fact must be rejected as it is belied by the

---

[3] Moreover, as stated above, even if the Court denies consolidation of discovery it should still consolidate these matters for dispositive motion practice and trial, which would ensure the parties and the Court to reap many of the benefits of Rule 42.

record. While Action 1 and Action 2 may not be premised on identical events, there are certainly common questions of law and facts, which, under Second Circuit authority, dictates that consolidation is the proper remedy to any issues created by these cases now operating on two different tracks before the same Court. *See, e.g., Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. N.Y. 1999) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, simultaneously pending in the same court would be to consolidate them under Rule 42 (a)").

The KGK Parties attempt to cast Action 1 as limited to discrete claims stemming from contracts directing the implementation of components of the E-Commerce Plain into the actual and virtual storefronts of 70 retailers is unavailing. Similarly, the suggestion that Action 2 concerns allegations of diamond grade bumping while these claims (or defenses) are absent from Action 1 is also not dispositive. That is because these issues are simply part of the parties overall business interactions. For example, as detailed in the Moving Brief on pages 7-8, the retail merchandise offered through the E-Commerce Platform would be issued a grade certification by AGQA, which was intended to provide creditability and assurances to both retailers and consumers using the E-Commerce Platform to sell and/or purchase jewelry. Thus, claims and facts surrounding these certificates and their improper grade bumping are sufficiently related to other claims concerning the contracts whereby retailers utilized the overall E-Commerce Platform. Accordingly, the proof and defense of the claims in both Action 1 and Action 2 will

likely rely on interrelated documentary evidence and testimony.[4]  Thus, consolidation will preserve judicial economy, avert repetitious motion practice, and multiple trials relying on interrelated evidence.

## CONCLUSION

Based upon the foregoing, and for all of the reasons asserted in the Moving Brief, it is respectfully requested that this Court enter an Order consolidating Action 1 and Action 2 for all purposes, including discovery, dispositive motion practice and trial.  Alternatively, at a minimum, these two matters should be consolidated for dispositive motion practice and/or trial.

Dated:     New York, New York
           September 8, 2014

| **Spizz Cohen & Serchuk, P.C.** | **Bloomberg, Steinberg & Bader, L.L.P.** |
|---|---|
| *Jeffrey A. Dougherty* /s/ | *Seth D. Bader* /s/ |
| Joseph P. Cervini | Seth D. Bader |
| Jeffrey A. Dougherty | |
| | |
| 425 Park Avenue, 5th Floor | 425 Park Avenue, 5th Floor |
| New York, New York 10022 | New York, New York 10022 |
| Telephone: 212-754-9400 | Telephone: 212-233-6255 |
| *Attorneys for the Yeko Parties* | *Attorneys for the Yeko Parties* |

---

[4]  Similarly, the suggestion in the KGK Opposition that prior counsel for the Yeko Parties conceded that the actual contracts with the 70 jewelry retailers are unrelated to the claims in Action 2 is also not dispositive.  Indeed, it appears that prior counsel simply stated these contracts were "outside the pleadings", but did not definitively opine on whether questions of law or fact surrounding those contracts were insufficiently similar to render consolidation inappropriate.