Alex Spizz
Joseph P. Cervini, Jr.
Jeffrey A. Dougherty
Spizz Cohen & Serchuk, P.C.
425 Park Avenue
New York, New York 10022
Tel. 212-754-9400
Fax 212-754-6262

Seth Bader
Bloomberg, Steinberg & Bader, P.C.
425 Park Avenue
New York, New York 10022
Tel. 212-754-9400
Fax 212-754-6262

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ACCURATE GRADING QUALITY ASSURANCE INC., ELECTRONIC SALES DEALERSHIP NETWORK, INC., STEVE YEKO, THE DIAMOND CENTER, INC., <br><br> *Plaintiffs*, <br><br> -against- <br><br> SANJAY KHOTHARI, KGK JEWELRY LLC, KGK GROUP, ALLEN BLOOM, JOHN THORPE, MARTIN FLYER JEWELRY, LLC; KNUD HOSTRUP; JOSH KAUFMAN; SUSAN HECHT; and PRADEEP SAHOO, <br><br> *Defendants*. | No. 12 CIV 9130 (LTS)(RLE) |

**THE YEKO PARTIES' MEMORANDUM OF
LAW IN OPPOSITION TO THE KGK PARTIES' MOTION TO
<u>DISMISS OR IN THE ALTERNATIVE TO STAY THE ACTION</u>**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

ARGUMENT .................................................................................................................................. 5

I.    THE CLAIMS IN ACTION 2 ARE NOT COMPULSORY
COUNTERCLAIMS UNDER RULE 13, BUT INSTEAD
ARE SIMPLY SUFFICIENTLY RELATED CLAIMS,
WHICH WARRANT CONSOLIDATION UNDER RULE 42 ......................................... 5

II.   BECAUSE ACTION 1 AND ACTION 2 ARE PENDING
BEFORE THE SAME COURT AND THE SAME JUDGE
*CONSOLIDATION* AND NOT DISMISSAL OR A STAY
IS THE PROPER MEANS TO ADDRESS ANY CONCERNS
UNDER RULE 13(a) ........................................................................................................ 6

CONCLUSION ............................................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Cases**

*Branch v. Federal Depositary Insurance Corporation,*
  825 F. Supp. 384 (D. Mass. 1993) .................................................................................... 7

*Cyprus Corp. v. Whitman*,
  93 F.R.D. 598 (S.D.N.Y. 1990) ......................................................................................... 7

*Devlin v. Transportation Communs. Int'l Union*,
  175 F.3d 121 (2d Cir. N.Y. 1999)...................................................................................... 7

*In re PCH Assocs.*,
  949 F.2d 585 (2d Cir. 1991)............................................................................................... 6

*Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*,
  208 F.R.D. 59 (S.D.N.Y.2002) .......................................................................................... 7

*Jack LaLanne Fitness Ctrs. v. Jimlar, Inc.*,
  884 F. Supp. 162 (D.N.J. 1995) ......................................................................................... 7

*Mail Boxes Coast to Coast, Inc. v. Dutt*,
  1990 U.S. Dist. LEXIS 17370 (S.D.N.Y. Dec. 26, 1990) ................................................. 6

*Miller Brewing Co. v. Meal Co.*,
  177 F.R.D. 642 (E.D. Wis. 1998) ...................................................................................... 7

*Provident Life and Accident Ins. Co. v. United States*,
  740 F. Supp. 492 (E.D. Tenn. 1990).................................................................................. 7

*Record Club of America, Inc. v. United Artists Records, Inc.*,
  1987 U.S. Dist. LEXIS 3573 (S.D.N.Y. May 7, 1987) ..................................................... 8

*Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*,
  68 F. Supp. 2d 161, 1999 U.S. Dist. LEXIS 14610 (E.D.N.Y.1999) ............................... 8

**Rules**

Fed.R.Civ.P. 13 .................................................................................................................. 1, 5, 7
Fed. R. Civ. P. 42 ............................................................................................................... 1, 4, 9

Plaintiffs Accurate Grading Quality Assurance ("AGQA"), ESDN, the Diamond Center, Inc. ("Diamond Center"), and Steve Yeko ("Yeko") in *Accurate Grading Quality Assurance Inc., et al. v. KGK Group, et al.*, 12-cv-9130 (LTS)(RLE) ("Action 2") respectfully submit this memorandum of law in **opposition** to the motion of the KGK Parties, pursuant to Fed.R.Civ.P. 13(a) and 41(b) to dismiss Action 2 or, in the alternative, stay Action 2 until the claims in *KGK Jewelry LLC v. ESDNetwork*, 11-cv-9236 (LTS)(RLE) ("Action 1") are resolved.[1]  Specifically, this opposition responds to the following filings by the KGK Parties: (i) notice of motion, dated June 27, 2014; (ii) Memorandum of Law, dated June 27, 2014 (the "KGK Memorandum"); (ii) the Declaration of Peter D. Raymond, dated June 27, 2014 (collectively, the "KGK Opposition").

## PRELIMINARY STATEMENT

As the Court is aware, the KGK Parties make this motion on the heels of the Yeko Parties motion to consolidate Action 1 and Action 2.  Indeed, the motion to dismiss or stay Action 2 is made as an *alternative* argument and an afterthought in the twenty-three page KGK Memorandum, which is primarily dedicated to opposing consolidation because -- according to the KGK Parties – Action 1 and Action 2 raise distinct claims.  Specifically, the KGK Parties argue that Action 1 arises from "ESDN's [alleged] breach of two written contracts it had with KGK NY [concerning implementing the e-commerce marketing platform to 70 jewelry retailers]" yet Action 2 is a far broader case involving "fourteen named parties, eleven causes of action and a mélange of alleged grievances arising from a variety of business relationships."

---

[1] Defendant ESDNetwork ("ESDN") is the sole defendant in Action 1, and is also a plaintiff in Action 2 along with AGQA, the Diamond Center and Yeko (collectively, the "Yeko Parties").  The sole plaintiff in Action 1, KGK Jewelry LLC ("KGK NY"), is also a defendant in Action 2, along with Allen Bloom, John Thorpe, Martin Flyer Jewelry, LLC, Josh Kaufman, and Susan Hecht hereinafter referred to collectively as the "KGK Parties".  The KGK Parties assert that this Court has not obtained jurisdiction over the following defendants named in Action 2, which are also not represented by counsel for the KGK Parties: (i) Sanjay Khothari; (ii) KGK Group; and (iii) Knud Hostrup; and (iv) Pradeep Sahoo.

KGK Memorandum at pp. 3-4.  Furthermore, the KGK Parties note, "there are no claims asserted in Action 2 involving the two written contracts that are the basis of Action 1."  *Id.*

Then in arguing a diametrically opposite position, the KGK Parties ask this Court to dismiss Action 2 because those claims *might* be deemed compulsory counterclaims under Rule 13 and therefore, *all* of the Yeko Parties should be penalized with the dismissal of *all* of their claims because they were not brought in Action 1.  As an alternative to dismissal, the KGK Parties request that under the first to file rule, Action 2 should be stayed until Action 1 is resolved.  These arguments should be summarily rejected.  It seems the KGK Parties are rooting this argument in the rhetoric in the Yeko Parties moving brief seeking consolidation in which it is asserted that the claims in both cases arise from interrelated facts and business dealings concerning the implementation of an e-commerce marketing platform for the jewelry industry (the "E-Commerce Plan").[2]

First, putting aside any purported admissions in the Yeko Parties' submissions concerning their motion for consolidation, there are notable distinctions between Action 1 and Action 2, which render them suited for consolidation, but outside the scope of the compulsory counterclaim rule.  Consolidation merely requires that commons questions of law and fact exist, but they need not predominate and that consolidation will otherwise prove beneficial to the judicial process.  Under a more demanding standard, compulsory counterclaims <u>must</u> (i) arise out of the very same transaction or occurrence; and (ii) cannot require adding a party over whom the

---

[2]   A complete recitation of the facts underlying the E-Commerce Plan as well as the claims in Action 1 and Action is provided in briefs filed by the Yeko Parties in support of their motion to consolidate Action 1 and Action 2 under Rule 42.  *See* Docket Entry Nos. 63 (Moving Brief) and 78 (Reply Brief).  The Court is respectfully referred to these submissions for these purposes.

Court cannot acquire jurisdiction. Here, as the KGK Parties assert the "transaction" at issue is limited to the two written contracts with jewelry retailers. Thus, *only* claims concerning those contracts and asserted by ESDN (the sole defendant in Action 1) would even arguably qualify as compulsory counterclaims. Significantly, Rule 42 casts a broader net and all of the claims in Action 2 concerning the various aspects of the E-Commerce Plan, including its funding and development, its implementation at wholesale, retail and consumer levels are ripe for consolidation because they arguably concern sufficiently common legal and factual issues. Similarly, the claims in Action 2 stemming from the demise of the E-Commerce Plan would also reasonably qualify for consolidation under Rule 42. Accordingly, there is simply no basis for the sweeping and punitive relief sought by the KGK Parties, which seeks dismissal or stay of these claims.

Second, the KGK Parties conveniently ignore the fact that Action 1 and Action 2 are pending before the **_same_** Court and the very **_same_** judge. Under such circumstances, Second Circuit authority dictates that consolidation is the proper device to alleviate any concerns raised by the existence of two or more cases involving the same parties and issues. Thus, the authority cited in the KGK Memorandum, which effectively states that where two actions are pending before *different* courts Rule 13 may require a dismissal of claims (often with a direction to seek leave to re-plead in the first filed action) or a stay of the second action pending in another district, is inapplicable to the facts and procedural history of Action 1 and Action 2.

Third, the various claims asserted by the Yeko Parties in Action 2 do not all qualify as compulsory counterclaims because they are brought by multiple parties and not *just* ESDN, which is the sole defendant in Action 1. That is because in Action 2 the claims are *also* brought

3

by plaintiffs AGQA, Yeko and the Diamond Center.  Thus, these parties cannot and must not be subject to the any rigid application to Rule 13 (such as dismissal or a stay) that would functionally result in depriving them of their due process rights to seek timely redress in this Court.  Additionally, some of the claims in Action 2 (such as claims against Hostrup, Sahoo, Khothari and KGK Group) are asserted against defendants over whom this Court has not obtained (and may not be able to obtain) jurisdiction, which would also render them outside the scope of Rule 13(a).

Finally, the Court should consider the inordinate delay of the KGK Parties in bringing this motion to dismiss or stay Action 2.  Indeed, this motion follows the Court's acceptance of Action 1 and Action 2 as related in December 2012 under Rule 13 of this Court's Rules for Division of Business Among District Judges -- a designation that was neither object to nor deemed improper in light of any purported Fed.R.Civ.P 13 concerns.  Thereafter, the KGK Parties filed *two* (2) motions to dismiss Action 2 in its entirety, the first in June 2013 and then again in October of 2013 following an amendment of the pleadings.  Tellingly absent from both of those case dispositive motions was any assertion that Action 2 should have been brought as a compulsory counterclaim to Action 1.  Accordingly, because the dismissal of claims under such a hyper-technical theory would be extraordinarily prejudicial – equity and justice dictate that the KGK Parties should not be rewarded for their delay.  This is an especially poignant consideration in light of the well-established authority holding that even if a party institutes a second action based upon a compulsory counterclaim in a still pending action, the procedural device of consolidation avoids the purported waste of judicial resources created by a multiplicity of actions. Accordingly, the relief sought by the KGK Parties must be denied.

**ARGUMENT**

I. **THE CLAIMS IN ACTION 2 ARE NOT COMPULSORY COUNTERCLAIMS UNDER RULE 13, BUT INSTEAD ARE SIMPLY SUFFICIENTLY RELATED CLAIMS, WHICH WARRANT CONSOLIDATION UNDER RULE 42**

As a threshold matter, the eleven (11) causes of action in Action 2 should not be deemed compulsory counterclaims and therefore, the KGK Parties' motion should be denied. Rule 13 of the Federal Rules of Civil Procedure generally requires that a pleader must state as a counterclaim any claim that: (i) arises out of the same transaction or occurrence that is the subject of the opposing party's claim; and (ii) does not require adding a party over whom the Court cannot obtain jurisdiction. *See* Fed.R.Civ.P. 13(a).

The Yeko Parties respectfully submit that simply because Action 1 and Action 2 are sufficiently related and suitable for consolidation under Rule 42 does not automatically mean that these cases are also subject to Rule 13(a). Action 1 concerns one component of the overall E-Commerce Plan (i.e. the KGK NY's claims against ESDN over contracts for the implementation of certain e-commerce marketing features at a retail level). Action 2 concerns the claims of *all* of the Yeko Parties (not just ESDN ) against *all* of the KGK Parties (not just KGK NY) for failing to follow through with their commitments to fund and support the overall development, implementation and marketing of the E-Commerce Plan at both wholesale, retail and consumer levels. Action 2 also seeks relief for another component of the E-Commerce Plan concerning purportedly fraudulent diamond grading and the conduct of the KGK Parties once it became evident the E-Commerce Plan was unsuccessful. Accordingly, the overlap in the relevant discovery and proof between these two cases simply renders them appropriate for consolidation, but does not automatically subject the Yeko Parties to the strictures of Rule 13(a)

5

or case law that may mandate dismissals or stays where two subject actions are pending before different courts.  Additionally, because the claims in Action 2 are brought by <u>all</u> four of the KGK Parties and not just ESDN, by definition these cannot and must not be deemed compulsory counterclaims or subject to dismissal under Rule 13(a).  *See Mail Boxes Coast to Coast, Inc. v. Dutt*, 1990 U.S. Dist. LEXIS 17370, at *2-3 (S.D.N.Y. Dec. 26, 1990) (holding claims brought by parties other than those that are "opposing parties" in a prior pending action cannot be subject to dismissal under Rule 13(a) because this rule does not apply to parties who were not litigants or "opposing parties" in the prior action).[3]

### II. BECAUSE ACTION 1 AND ACTION 2 ARE PENDING BEFORE THE SAME COURT AND THE SAME JUDGE *CONSOLIDATION* AND NOT DISMISSAL OR A STAY IS THE PROPER MEANS TO ADDRESS ANY CONCERNS UNDER RULE 13(a)

Assuming *arguendo* that some or all of the eleven (11) claims in Action 2 can be deemed compulsory counterclaims, the motion of the KGK Parties should still be denied because Action 1 and Action 2 are pending before the same Court and the same judge.  Indeed, consolidation of these actions would alleviate the concerns raised by Rule 13 and otherwise satisfy its purpose.  "The purpose of [Rule] 13(a) is to permit a court to decide all related claims in one action, thereby avoiding a wasteful multiplicity of litigation."  *In re PCH Assocs.*, 949 F.2d 585, 594 (2d Cir. 1991) (internal quotation marks and citation omitted).  That said, courts in the Second Circuit have held that filing "a separate action in lieu of a compulsory counterclaim," does not

---

[3]  Additionally, as defendants Hostrup, Khothari, KGK Group and Sahoo purportedly have not been served with process and it is apparent that the Court can obtain jurisdiction over them.  Indeed, upon information and belief, defendants Khothari, KGK Group and Sahoo are residents of India.  Accordingly, as it is presently unclear whether the Court can obtain jurisdiction over these parties, the claims against them would not clearly fit within the parameters of Rule 13(a).

amount to a violation of Rule 13(a) and when faced with such a situation courts are provided discretion and "can use the procedural devices of transfer, stay and consolidation to avoid multiple litigation and to effectuate the Rule." *Internet Law Library, Inc. v. Southridge Capital Mgmt. LLC*, 208 F.R.D. 59, 63 (S.D.N.Y.2002) (citing *Cyprus Corp. v. Whitman*, 93 F.R.D. 598, 604-05 (S.D.N.Y. 1990)).  Moreover, Second Circuit authority provides that -- as in this instance -- where two cases involving common issues and parties are pending before the **_same court_** in the **_same district_** consolidation under Rule 42(2) is the proper solution, which thereby obviates the concerns raised by the compulsory counterclaim rule.  *See, e.g., Devlin v. Transportation Communs. Int'l Union*, 175 F.3d 121, 130 (2d Cir. N.Y. 1999) ("The proper solution to the problems created by the existence of two or more cases involving the same parties and issues, *simultaneously pending in the same court* [is] to consolidate them under Rule 42(a)") (emphasis added).[4]

Accordingly, the cases cited in the KGK Memorandum are distinguishable because they do not address matters such as this one in which two cases are pending before the *same* Court and the *same* judge and instead address scenarios in which parties filed purportedly compulsory counterclaims in different district courts and/or in which the parties were forum shopping.  By

---

[4]    Significantly, courts in other circuits also favor consolidation over dismissal and/or stay.  *See, e.g., Jack LaLanne Fitness Ctrs. v. Jimlar, Inc.*,884 F. Supp. 162, 163-64 (D.N.J. 1995) (when consolidation obviates concerns of Fed. R. Civ. P. 13(a) dismissal of compulsory counterclaims inappropriate); *Branch v. Federal Depositary Insurance Corporation,* 825 F. Supp. 384, 401 (D. Mass. 1993)(where second filed action contained compulsory counterclaims but was consolidated with first filed action, "dismissal of [second filed action] would not serve the purposes of Fed. R. Civ. Proc. 13(a)"); *Provident Life and Accident Ins. Co. v. United States*, 740 F. Supp. 492, 496 (E.D. Tenn. 1990) (where second filed action contained compulsory counterclaims, but the first filed action had been consolidated with second action, dismissal found not to "further any of the policies behind Fed. R. Civ. Proc. 13(a)")*; see also Miller Brewing Co. v. Meal Co.*, 177 F.R.D. 642, 644-645 (E.D. Wis. 1998) (denying motion to stay based on "first to file rule" and instead consolidating cases "as both cases are now not only in the *same forum* but in the *same branch of the court*, consolidation of the cases will promote judicial economy and enable the court to resolve all current disputes between the parties in an expedited manner.") (emphasis added).

way of example, a case heavily relied on by the KGK Parties, *Shmuel Shmueli, Bashe, Inc. v. Lowenfeld*, 68 F. Supp. 2d 161, 1999 U.S. Dist. LEXIS 14610(E.D.N.Y.1999) is completely inapposite.  First, in *Shmueli,* the two cases at issue were pending in two different judicial districts (i.e. the S.D.N.Y and the E.D.N.Y).  Second, there was a determination by the court in the first filed action <u>denying</u> defendant Schmueli leave to amend his answer and assert counterclaims.  Thereafter, Schmueli sought to circumvent that ruling by filing a new action in the E.D.N.Y.  These facts are in no way comparable to the issues raised by Action 1 and Action 2, which are both before Your Honor, and have also been long accepted and litigated as related matters.

Finally, even assuming the KGK Parties position has merit (which the Yeko Parties submit is lacking) the Court should consider the inordinate delay of the KGK Parties in making this motion.  Action 2 was filed in 2012 and the KGK Parties have already made two case dispositive motions -- both of which conspicuously failed to raise any concerns under Rule 13(a).  Here, because the Court is provided wide discretion and latitude in managing its docket and ensuring any purported concerns raised by the Rule 13(a) are alleviated (such as through consolidation) the prejudice the Yeko Parties will suffer if Action 2 is dismissed and/or stayed clearly outweighs any basis for dismissal or stay. [5]

---

[5] Indeed, these considerations are particularly relevant considering the KGK Parties seek dismissal under Rule 41(b), which has been deemed "a harsh remedy to be utilized only in extreme situations." *Record Club of America, Inc. v. United Artists Records, Inc.*, 1987 U.S. Dist. LEXIS 3573, at *6-7 (S.D.N.Y. May 7, 1987) (denying extreme sanction of dismissal under Rule 41(b)).

## **CONCLUSION**

Based upon the foregoing, and for all of the reasons asserted in the Yeko Parties submissions seeking the consolidation of Action 1 and Action 2, it is respectfully requested that this Court enter an Order denying the motion of the KGK Parties seeking the dismissal or stay of Action 2.

Dated:      September 15, 2014
            New York, New York

| | |
|---|---|
| **Spizz Cohen & Serchuk, P.C.** | **Bloomberg, Steinberg & Bader, L.L.P.** |
| *Jeffrey A. Dougherty* /s/ | *Seth D. Bader* /s/ |
| Alex Spizz | Seth D. Bader |
| Joseph P. Cervini | |
| Jeffrey A. Dougherty | 425 Park Avenue, 5th Floor |
| | New York, New York 10022 |
| 425 Park Avenue, 5th Floor | Telephone: 212-233-6255 |
| New York, New York 10022 | *Attorneys for the Yeko Parties* |
| Telephone: 212-754-9400 | |
| *Attorneys for the Yeko Parties* | |